# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2013

Lyle W. Cayce
Clerk

No. 11-41004

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MACK COOPER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-105

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Pursuant to our grant of a certificate of appealability, Mack Cooper, federal prisoner # 06301-078, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence on his claim that there was not a sufficient factual basis to support his plea. For the following reasons, we AFFIRM the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41004

Cooper was indicted and proceeded to trial on two counts of possession with intent to distribute and distribution of more than five grams of crack cocaine. Before the jury reached a verdict, Cooper waived his right to be charged by indictment and agreed to plead guilty to a one-count information charging him with maintaining a place for the purpose of distributing more than five grams of crack cocaine, in violation of 21 U.S.C. § 856(a)(1) ("drug house charge"). He was sentenced to 130 months imprisonment.

Cooper attempted to appeal, but the Government moved to enforce the waiver of appeal provision of his plea agreement. This court granted the motion and dismissed Cooper's appeal. Cooper did not petition for a writ of certiorari.

Cooper then moved for relief under 28 U.S.C. § 2255, contending, *inter alia*, that there was no factual basis to support his guilty plea. The district court denied the motion without explicitly addressing the factual basis argument. At the plea hearing, the district court relied on Cooper's trial testimony and DVD evidence in the record to establish a factual basis for the plea, but the district court did not order the trial transcribed.

This court granted Cooper a certificate of appealability ("COA") on the issue whether there was a sufficient factual basis to support his plea. In the COA order, this court explained that the trial testimony was not transcribed and that it was not clear from the record whether Cooper's conduct satisfied the statutory requirement of maintaining the residence in question for the purpose of dealing in crack cocaine. Subsequently, the Government ordered and filed a transcript in the district court. This court treated the Government's motion as one to supplement the record on appeal. Thus, in determining whether there was a sufficient factual basis to support Cooper's plea, we have independently evaluated the record in light of the district court's subsidiary findings.

No. 11-41004

The Government's brief advises plain error review of the issue whether there is any factual basis for Cooper's guilty plea under 21 U.S.C. § 856(a)(1), *i.e.* for his "intentionally and knowingly" "maintaining" a place "for the purpose" of distributing a controlled substance. 21 U.S.C. § 856(a)(1); *see, e.g.*, *United States v. Roberts*, 913 F.2d 211, 219 (5th Cir. 1990). Cooper's brief treats this issue as if it were raised on direct appeal, where findings of fact are reviewed for clear error and legal conclusions de novo. Both parties are wrong. In considering this Section 2255 habeas petition, which raises an issue Cooper did not preserve at the plea hearing or on direct appeal, considerations of finality are particularly pressing. As the Supreme Court holds, "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *United States v. Bousley*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1610 (1998) (internal citations omitted). Consequently, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Id.* at 622, *citing, inter alia, Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 2643 (1986) *See also United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998).

We apply the *Bousley* standard in this appeal. Cooper has not attempted to show "cause" for his failure to raise the sufficiency of the factual basis on direct appeal (and we pretermit whether that issue was waived by the waiver of appellate rights). He must therefore attempt to show that he was "actually innocent" of the crime, which would mean that there was no basis for the trial court's finding at the guilty plea hearing that he violated § 856(a)(1). Given the benefit of the trial transcript and the videos of the drug deals in which Cooper participated, we reject this contention. The information alleged that Cooper "[o]n or about September 4, 2007, . . . knowingly and intentionally maintained a place at 806 Hosea Dolphus, Lufkin, Texas, for the purpose of

No. 11-41004

distributing more than five grams of cocaine base." To sustain a conviction under § 856(a)(1), the Government must prove that the defendant (1) intentionally and knowingly (2) opened, leased, rented, used or maintained a place (3) for the purpose of using, manufacturing, or distributing a controlled substance. *See United States v. Roberts*, *supra.*

The record shows that Cooper *maintained* 806 Hosea Dolphus, the house identified by the Government as a "drug house." "Where the evidence shows that over a period of time the defendant can direct the activities of and the people in a place, the jury may infer that he is involved in maintaining the place." *United States v. Morgan*, 117 F.3d 849, 858 (5th Cir. 1997). Supervisory control over the premises may satisfy the maintenance element of the statute. *United States v. Soto-Silva*, 129 F.3d 340, 346 (5th Cir. 1997). The testimony at trial indicated that a confidential informant ("CI") informed the authorities that he could perform drug deals with Cooper that would be completed at 806 Hosea Dolphus. Police surveillance videos showed, on one occasion, Cooper sitting on the porch at 806 Hosea Dolphus, walking into the residence with cash, coming out of the residence and speaking with the CI who left shortly thereafter. On another occasion, surveillance videos showed Cooper walking up to the CI's car outside the house, the two men discussing a drug transaction, the CI handing money to Cooper, and indicated Cooper was holding crack cocaine. On each occasion, the CI returned to the law enforcement rendezvous point with crack cocaine and had none beforehand. The trial record strongly suggests Cooper lived at the house, or at least that it was his place for drug dealing. These facts support a finding that Cooper exercised sufficient dominion and control to have maintained the house within the scope of § 856(a)(1). *See Soto-Silva*, 129 F.3d at 346; *Morgan*, 117 F.3d at 856-57.

No. 11-41004

The record also shows that Cooper used 806 Hosea Dolphus for the *purpose* of distributing crack cocaine. To support a conviction under § 856(a)(1), the purpose to distribute drugs must be the defendant's; it is not enough that the defendant maintains the premises so that others may engage in distribution. *Soto-Silva*, 129 F.3d at 346. As noted, the surveillance videos indicated that Cooper handed crack cocaine to the CI in exchange for cash at 806 Hosea Dolphus. Cooper therefore shared the purpose of selling crack cocaine at 806 Hosea Dolphus.

Accordingly, there was a factual basis to support Cooper's plea, and he has not shown that he was "actually innocent" of the crime.

The judgment denying Cooper's § 2255 motion is **AFFIRMED**.